IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-0907-CV-W-ODS |
| ) | |
| BABY-TENDA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS

At the Court's direction, on June 8, 2007, Plaintiff filed an Amended Complaint. Defendant then filed a motion to dismiss, contending the Amended Complaint fails to state a claim. The motion (Doc. # 85) is granted in part and denied in part.

Generally speaking, the Amended Complaint alleges Defendant's agents falsely and fraudulently distributed sales material connected Defendant or its products to the Consumer Product Safety Commission ("CPSC") or the National Highway Traffic Safety Administration ("NHTSA") "in such a way as to falsely imply that these government agencies sponsor or co-sponsor" the shows where Defendant's products are sold. Amended Complaint, ¶ 7. Plaintiff seeks injunctive relief.

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

Plaintiff first contends its request for injunctive relief is supported by 18 U.S.C. § 709. This is a criminal statute that prohibits the use of certain words in a business' name or in the course of transacting business in order to suggest a connection between the defendant and the federal agency or entity at issue. For instance, the statute's second paragraph makes it unlawful to advertise or otherwise represent "that a nonmember bank, banking association, firm or partnership is a member of the Federal

reserve system." The thirteenth paragraph contains similar prohibitions on advertisements or other publications suggesting a product "is approved, endorsed, or authorized by the Drug Enforcement Administration." Numerous federal agencies are specified in section 709's eighteen paragraphs, but neither the CPSC nor the NHTSA are among them.

Although section 709 declares that it can also be enforced through injunctive relief, it is still a criminal statute. Criminal statutes are construed narrowly because they must provide adequate notice to the public, advising that certain conduct is prohibited and punishable. E.g., United States v. Chandler, 66 F.3d 1460, 1466 (8th Cir. 1995). *This* statute[1] does not notify anyone they can be prosecuted for falsely or fraudulent claiming a business relationship with the CPSC or the NHTSA. Moreover, a "time-honored" rule of statutory construction dictates that when Congress deigns to fashion a list of items or events, any item or event not included on the list was intentionally omitted and should not be grafted on by a court. E.g., United States v. Stuckey, 220 F.3d 976, 985 (8th Cir. 2000); United States v. Darden, 70 F.3d 1507, 1524-25 (8th Cir. 1995). Thus, in defining a crime as involving false or fraudulent representations about a relationship with certain specified government agencies, Congress did not define a crime involving false or fraudulent representations about a relationship with other, unspecified government agencies.

The Government argues it would have been impractical for Congress to list each and every government agency. This may be; however, Congress could have simply declared it unlawful to falsely or fraudulently represent the existence of a relationship with "any department or agency of the United States" – much as it did in 18 U.S.C. § 506, a statute prohibiting the forgery of governmental seals. Congress clearly knows how to draft a statute that criminalizes false representations of endorsement by all government agencies, but it did not do so. Cf. Stuckey, 220 F.3d at 985 ("Congress knows how to use more inclusive language for sentence enhancement purposes when it

---

[1] This point is important because (as shall be seen shortly) this analysis does not preclude the conduct in question from being criminalized by a completely different statute.

so chooses."). It is not the court's job to redraft the statute in a manner that Congress might have preferred (or might now prefer) but that it did not actually pass.

The Government also relies on section 709's last sentence as an indication that the prohibitions are broader than the language would suggest. The final sentence states "[a] violation of this section may be enjoined . . . upon complaint by any duly authorized representative of any department or agency of the United States." The Government reasons this means any department or agency may seek an injunction anytime that agency is falsely described as having a business relationship with a seller of goods. This reads much more into the clause than is actually there. The complaint initiated by an agency or department must allege "a violation of this section," and the final sentence does not purport to describe any violations. The section's violations are described in the preceding paragraphs, and none of them involves the CPSC or the NHTSA.

Finally, the Government contends that the "Court can put a stop to Defendant's recurring deceptive conduct even if § 709 does not explicitly cover misappropriation of the agency names at issue." Plaintiff's Suggestions in Opposition at 2-3. The decision offered to support this conclusion involved a real estate seller/developer that was accused of falsely representing its "housing unit, project, business, or product has been in any way endorsed, authorized, inspected, appraised, or approved by [certain specified government agencies] the Government of the United States, or any agency thereof." This prohibition currently appears at the end of the eighth paragraph in section 709. While the false representation involved an "unlisted" agency, the court held the statute was violated because the business in question was a "housing business" and the statute specified housing businesses could not falsely advertise a connection to "any agency" of the federal government. United States v. U.S.I.A. Homes, Inc., 409 F. Supp. 483, 485-86 (E.D.N.Y. 1976). Thus, the case does not stand for the proposition that federal courts have roving commissions to enjoin business names that falsely imply governmental endorsement. This does not mean some other statute might not apply; it just means this statute does not.

3

With that in mind, the Court turns to the other statutes relied upon by the Government. One such statute is the aforementioned section 506, which prohibits forgery of governmental and agency seals and logos. Another statute is 18 U.S.C. § 1341, which prohibits mail fraud. Defendant does not contends these statutes are not legally applicable; instead, Defendant contends it cannot be held liable for violating these statutes because the people who committed the allegedly wrongful acts are independent contractors for whom Defendant is not vicariously liable. This is factual matter that turns on the nature and details of Defendant's relationship with the individuals in question. Defendant may be entitled to judgment on the merits (or, perhaps, even summary judgment), but this argument does not demonstrate the legal insufficiency of Plaintiff's claims. Therefore, Plaintiff's request for injunctive relief predicated on sections 506 and 1341 state a claim for which relief can be granted.

For these reasons, Defendant's Motion to Dismiss (Doc. # 85) is granted to the extent Plaintiff invokes 18 U.S.C. § 709 as a basis for relief. The motion is denied in all other respects.

IT IS SO ORDERED.

DATE: August 22, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4