IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-0907-CV-W-ODS |
| ) | |
| BABY-TENDA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION DENYING (1) PLAINTIFF'S MOTION IN LIMINE AND
(2) PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT</u>

Pending are Plaintiff's Motion in Limine and both parties' Motions for Summary Judgment. All three motions are denied.

<u>I. MOTION IN LIMINE</u>

Defendant has not responded directly to Plaintiff's Motion in Limine, but has addressed it within various documents submitted in connection with the dispositive motions. The issues are sufficiently briefed to permit their consideration. Plaintiff seeks to bar Defendant's President, David Jungerman, from testifying at trial and also asks the Court to strike Jungerman's declarations offered in connection with the summary judgment motions. Plaintiff noticed a deposition for "David Jungerman/President, Baby-Tenda Corporation." During the deposition, Jungerman refused to answer any questions and asserted his Fifth Amendment right against self incrimination. Plaintiff contends a witness cannot refuse to answer questions during a deposition and then testify at trial. Defendant insists Jungerman appeared for the deposition in his personal capacity, and invocation of his Fifth Amendment rights does not bar him from speaking on behalf of the corporation.

The Court agrees with Plaintiff that it sought to depose Jungerman in his capacity as Defendant's President and not in his individual capacity. This conclusion is based on the deposition notice itself. Defendant's position that this deposition was not predicated on Rule 30(b)(6) is a red herring. Rule 30(b)(6) says a party "may" depose an

corporation by specifying the topics for the deposition and leaving it to the corporation to designate the appropriate officer(s) or representative(s) to address those topics on its behalf. However, this is not the only way to depose a corporation. If the particular company representative is known, that representative may be named. Fed. R. Civ. P. 30(b)(1); see also Wright, Miller & Marcus, Federal Practice and Procedure: Civil (2d) § 2110. Thus, in setting the deposition of "David Jungerman/President, Baby-Tenda Corporation," Plaintiff sought the deposition of Defendant's President and not Jungerman personally.

What was presented at the deposition, and what Plaintiff accepted, is another matter entirely. Before any questions about the case were posed Plaintiff's counsel indicated he had spoken with Defendant's counsel. During that conversation, Defendant's counsel told Plaintiff's counsel "he represents the corporation in this matter and not [Jungerman] individually, and that [Jungerman is] not represented by an attorney in this case." Jungerman Depo. at 4. In explaining why he was invoking his Fifth Amendment rights, Jungerman announced he was "appearing individually and not as a representative of the corporation." Jungerman Depo. at 5. The deposition proceeded, with Plaintiff's counsel posing questions and Jungerman declining to answer. Plaintiff's counsel never objected, nor did he declare or otherwise indicate any problem with the fact that Jungerman – mistakenly or otherwise – believed he was present in his individual capacity. Although the Court is not privy to the pre-deposition conversation between counsel, it appears likely the matter was not clarified at that time either; if Defendant's counsel was indicating he was not coming to the deposition because he represented the corporation and not the individual interests of the deponent, that would have been a natural and obvious time for Plaintiff's counsel to point out that the deponent was to appear in his representative capacity. By proceeding in these circumstances without protecting its rights (by objecting or contacting the Court), correcting the obvious misunderstanding, or otherwise clarifying matters, Plaintiff effectively accepted Jungerman's appearance in his individual capacity. Jungerman's invocation of his Fifth Amendment rights was on his own behalf and does not bar him from offering testimony on behalf of the corporation.

2

Plaintiff also argues Defendant is Jungerman's alter ego, so his invocation of rights should be attributed to the corporation. Plaintiff has offered no basis for piercing the corporate veil, and the Court will not treat Plaintiff's invocation of his personal rights as an invocation by Defendant.

## II. CROSS MOTIONS FOR SUMMARY JUDGMENT

The Record leaves little doubt that certain distributors falsely alleged some "seminars" were co-sponsored by the Consumer Products Safety Commission ("CPSC") or the National Highway Traffic Safety Administration ("NHTSA"). It also leaves little doubt that at least one distributor forged the official seal of one of these government agencies for use on flyers.[1] The critical issue discussed in the summary judgment motions is whether Defendant is legally responsible for the actions of the distributors who set up these seminars. The Court concludes the Record does not present undisputed facts entitling either party to judgment as a matter of law, so both sides' summary judgment motions must be denied.

Ordinarily, when denying a motion for summary judgment, the Court does not provide a detailed analysis of the facts because this analysis will be supplanted by the factfinder's determinations (be it a jury or judge) made following full development of the record at trial. When a case is headed for trial, a view of the facts as contained in a less-than-complete record is not usually helpful. However, this case will be tried to the bench, and the parties may benefit from the Court's views on certain aspects of the case.

First, the parties agree Missouri law governs this issue, but do not seem to agree on the content of Missouri law. Missouri follows the Restatement (Second) of Agency when determining whether a party is liable under the doctrine of respondeat superior. E.g., J.M. v. Shell Oil Co., 922 S.W.2d 759, 764 (Mo. 1996) (en banc); Jones v.

---

[1]These declarations should not be construed as grants of partial summary judgment or findings of fact. The parties may (and arguably should) stipulate to these matters or present evidence supporting their positions as they deem appropriate.

3

Brashears, 107 S.W.3d 441, 445 (Mo. Ct. App. 2003); Carter v. Wright, 949 S.W.2d 157, 160 (Mo. Ct. App. 1997). The factors listed in the Restatement and approved by the Missouri courts include:

1. the extent of control the principal may exercise over the work,
2. whether the servant is engaged in a distinct occupation or business,
3. whether the work is usually done under an employer's supervision or by a specialist without supervision,
4. the skill required,
5. who supplies the instrumentalities, tool, and location for doing the work,
6. the length of the relationship,
7. method of payment,
8. whether the work is part of the principal's normal activities,
9. the parties' intent, and
10. whether the principal is or is not in business.

At all times, however, "the touchstone is whether the party sought to be held liable has the control *or* right to control the conduct of another in the performance of an act." J.M., 922 S.W.2d at 764 (emphasis supplied). "'The determining factor is not whether respondent actually exercised control over the work . . . but whether respondent had the right to exercise that control.'" Carter, 949 S.W.2d at 160 (quoting Pratt v. Reed & Brown Hauling Co., 361 S.W.2d 57, 63 (Mo. Ct. App. 1962)). The ultimate determination is factual in nature. Jones, 107 S.W.3d at 445.

As intimated, the Record is not conclusive. Plaintiff relies heavily upon the terms of the agreements between Defendant and the distributors, and the Court concedes many of those terms favor Plaintiff. Nonetheless, there enough contrary facts (and missing facts) to persuade the Court that the matter is best decided at trial.[2]

---

[2] The Court doubts the validity of Plaintiff's negligence theory, primarily because (1) Plaintiff offers no legal support and (2) the Court doubts negligence is the appropriate legal standard for determining violations of the applicable statutes. While it appears Defendant's liability, if any, must be predicated on the distributors' wrongful acts, the Court is not prepared to foreclose Plaintiff from advancing the argument.

4

Defendant also contends injunctive relief (the only relief sought by Plaintiff) should not be imposed because it will be oppressive and could cause Defendant to go out of business. The Court cannot evaluate this argument because there is no clear indication as to the nature of the injunctive relief sought. Assuming the Court finds in Plaintiff's favor, the Court would not be inclined to impose injunctive relief that makes it impossible for Defendant to conduct its business. Ultimately, arguments about the content and propriety of injunctive relief are premature, and do not presently provide a basis for granting judgment to Defendant.

For these reasons, (1) Plaintiff's Motion in Limine (Doc. # 82) is denied, (2) Plaintiff's Motion for Summary Judgment (Doc. # 64) is denied, and (3) Defendant's Motion for Summary Judgment (Doc. # 65) is denied.

IT IS SO ORDERED.

DATE: August 27, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT